**CHRISTOPHER VILLAGE, L.P. and Wilshire Investments, Corp., Plaintiff–Petitioner,**

v.

**UNITED STATES, Defendant–Respondent.**

No. 688.

United States Court of Appeals, Federal Circuit.

Nov. 29, 2001.

Before BRYSON, LINN, and DYK, Circuit Judges.

*ORDER*

DYK, Circuit Judge.

Christopher Village, L.P. et al. petition for permission to appeal the order of the Court of Federal Claims denying Christopher Village's motion for class certification. Christopher Village moves for an extension of time to file its petition.

Christopher Village sought class certification under RCFC 23 in the Court of Federal Claims. The trial court denied the motion and, in response to Christopher Village's stated intention to appeal the denial, noted that the local rules did not provide for an interlocutory appeal of such an order. Christopher Village argues that the Fed.R.Civ.P. 23(f) should be applicable. Rule 23(f) provides in pertinent part:

> A court of appeals may in its discretion permit an appeal from an order of a district court granting or denying class certification under this rule if application is made within 10 days of entry of the order.

The Court of Federal Claims rule does not have a comparable provision.

■■■ We agree with the Court of Federal Claims that its own rule, not Fed. R.Civ.P. 23(f), is applicable to its proceedings. Thus, a party may not seek interlocutory review of the denial of class certification under the rules of the Court of Federal Claims. *Cf. Stone Container Corp. v. United States,* 229 F.3d 1345, 1355 (Fed.Cir.2000) (noting that the rules of the Court of International Trade do not allow for an interlocutory appeal of the denial of class certification in contrast to Fed.R.Civ.P. 23(f), which allows a party to seek interlocutory review in cases from district courts).

Accordingly,

IT IS ORDERED THAT:

(1) Christopher Village's petition is dismissed.

(2) Christopher Village's motion for an extension of time is moot.